1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWIN VASQUEZ, an individual,<br><br>      Plaintiff,<br><br>   vs.<br><br>CITY OF LOS ANGELES, a California municipal entity; LOS ANGELES POLICE DEPARTMENT, a California municipal entity, Officer GABRIEL GARCIA, an individual; and DOES 1-100 inclusive,<br><br>      Defendants. | Case No. 2:22-cv-04661-DSF-MRWx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Referred for Discovery Purposes to the Honorable Dale S. Fischer |

Plaintiff EDWIN VASQUEZ ("Plaintiff") and Defendants, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, AND OFFICER GABRIEL GARCIA, ("Defendants") (collectively, "the Parties") jointly present this Stipulated Protective Order for the Court's approval.

## 1. __INTRODUCTION__

This litigation arises from a use of force incident which occurred on April 23, 2021. Plaintiff Edwin Vasquez filed his Complaint for Damages on May 26, 2022, wherein he asserts the following principal causes of action: denial of medical care under 42 U.S.C. 1983, excessive force under 42 U.S.C. 1983, failure to train and supervise under 42 U.S.C. 1983, failure to investigate under 42 U.S.C. 1983, violation of right to associate under 42 U.S.C. 1983, negligence, violation of the Bane Act, violation of Americans with Disabilities Act, violation of Rehabilitation Act, and violation of the Ralph Act. Plaintiff is represented by McMurray Henriks, LLP. The LAPD and City of Los Angeles Office are represented by the Office of the City Attorney (DCA Surekha A. Shepherd) and LAPD Officer Gabriel Garcia is represented by Stone Busailah, LLP.

### 1.1 __PURPOSES AND LIMITATIONS__

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or

items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

This action involves the City of Los Angeles and members of the Los Angeles Police Department ("LAPD") on one side; and on the other, Plaintiff Edwin Vasquez who claims damages from the City and Police Officer Gabriel Garcia for past and future medical expenses and other unspecified general damages incurred as a result of Defendant's alleged use of excessive force.

As such, Plaintiff seeks materials and information that Defendant the City of Los Angeles, et al. ("City") maintains as confidential, such as personnel files of the Police Officers involved in the incident, Internal Affairs materials and information, Force Investigation Division materials and information, video recordings (including Body-Worn Video recordings and Digital In-Car Video recordings), audio recordings, and other administrative materials and information currently in the possession of the City and which the City believes needs special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Plaintiff also seeks official information contained in the personnel files of the Police Officers involved in the

3

subject incident, which the City maintains as strictly confidential and which the City believes needs special protection from public disclosure and from use for any purpose other than prosecuting this litigation. <u>By entering into the stipulated protective order, the City Defendants and Defendant Garcia do not agree that all of the confidential materials requested by Plaintiff will in fact be produced. Rather, Defendants may agree to produce certain confidential records, subject to this protective order, however</u>.

The City asserts that the confidentiality of materials and information sought by Plaintiff is recognized by California and federal law as evidenced by, *inter alia, California Penal Code* section 832.7 and *Kerr v. United States District Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). The City has not publicly released the materials and information referenced above except under protective order or pursuant to a court order, if at all. These materials and information are of the type that has been used to initiate disciplinary action against LAPD officers and has been used as evidence in disciplinary proceedings, where officers' conduct was considered to be contrary to LAPD policy.

The City contends that absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals, and expert witnesses involved in the case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the materials and information.

Defendants seek discovery of various information relating to Plaintiff's damages claims, including employment information, and confidential medical records that may be personal, private, and potentially embarrassing if unnecessarily disseminated; thus, Plaintiff contends such information not be disseminated beyond this litigation.

Accordingly, to expedite the flow of information, to facilitate the prompt resolute of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

2. **DEFINITIONS**

2.1 **Action:** The above-captioned suit.

2.2 **Party:** Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.3 **Producing Party:** A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

5

**2.4**  **Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5**  **Challenging Party:** A Party or Non-Party that challenges the designation of information or items under this Order.

**2.6**  **Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.7**  **"CONFIDENTIAL" Information or Items:** Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.8**  **Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

**2.9**  **Counsel:** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.10**  **Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

**2.11**  **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to

6

discovery in this matter.

**2.12** **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.13** **House Counsel:** Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.14** **Outside Counsel of Record:** Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

**2.15** **Professional Vendors:** Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.16** **Final Disposition:** When this Action has been fully and completely terminated by way of settlement; dismissal of all claims and defenses with or without prejudice; and/or, the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews.

///

STIPULATED PROTECTIVE ORDER

**3.**   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.**   **DURATION**

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Once trial commences in this action, all of the information that was designated as CONFIDENTIAL or maintained pursuant to this protective order and that is introduced or admitted at trial becomes public and presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part

8

of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to the CONFIDENTIAL information and materials introduced or admitted as an exhibit at trial.

## 5.   DESIGNATING PROTECTED MATERIAL

### 5.1   Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2    Manner and Timing of Designations**

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Any such designation should not obscure the text or image on the item being produced.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL". After the

STIPULATED PROTECTIVE ORDER

inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of deposition all protected testimony.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Any such designation should not obscure the text or image on the item being produced.

///

///

### 5.3   Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

### 6.1   Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 6.2   Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule section 37.1 *et seq.*

### 6.3   Burden

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing

Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

### 7.1    Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2    Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for in this action;

(b)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

STIPULATED PROTECTIVE ORDER

action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel

(e) Court Reporters and their staff

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness signs the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately

bound by the court reporter and may not be disclosed to anyone except as

permitted under this Stipulated Protective Order; and

(i)    Any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the parties engaged in settlement

discussions.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL", that Party must:

(a)    Promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification

shall include a copy of this Stipulated Protective Order; and

(c)    Cooperated with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any

information designated in this Action as "CONFIDENTIAL" before a determination

by the court from which the subpoena or order was issued, unless the Party has obtained

STIPULATED PROTECTIVE ORDER

the Designating Party's permission, or unless otherwise required by law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive of another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Party shall:

        (1)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

///

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and,

(3) Make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination is made by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving Party learns that, by inadvertence or otherwise, it had disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) Notify in writing the Designating Party of the unauthorized disclosures;

(b)    Use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c)    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and,

(d)    Request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**    **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in *Federal Rule of Civil Procedure* 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

///

///

///

STIPULATED PROTECTIVE ORDER

## 12.   **MISCELLANEOUS**

### 12.1   **Right to Further Relief**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 12.2   **Right to Assert Other Objections**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

By stipulating to the entry of this Productive Order, Plaintiff does not waive its position that certain materials expected to be produced by Defendants in this action, including body-worn video footage from the responding officers, are by their nature non-confidential, have already been disclosed in substantial part to the public, and should not be subject to a confidentiality designation under this protective order. Plaintiff reserves its right to challenge the designation of any such material as confidential under this protective order.

### 12.3   **Filing Protected Material**

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a

19

Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.   <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in Paragraph 2.16, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) Identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; (2) Affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

Protected Material remain subject to this protective Order.

**14.    <u>VIOLATION</u>**

Any violation of this Order may be punishable by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 10, 2023          McMURRAY HENRIKS, LLP

By: __/s/ *[Yana G. Henriks]*_____
                Yana Henriks, Esq.
                Steven K. Ridgill, Esq.
                Attorneys for Plaintiff

Dated: April 10 , 2023          OFFICE OF THE LOS ANGELES CITY
                                  ATTORNEY

By: /s/ Surekha Shepherd_____
                Surekha Shepherd, Esq.
                Attorney for Defendants City of Los Angeles;
                Los Angeles Police Department

Dated: April 10 , 2023          STONE BUSAILAH, LLP

By: /s/ Muna Busailah_____
                Muna Busailah, Esq.
                Attorney for Defendant Officer Gabriel Garcia

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: _____4/11/23_____

_____
Honorable Michael R. Wilner
United States Magistrate Judge

21

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of ***EDWIN VASQUEZ v. CITY OF LOS ANGELES, et al.*****, USDC Case No. 2:22-cv-04661-DSF-MRW**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____