# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VASQUEZ,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF LOS ANGELES, et al.,<br>　　　Defendants. | 2:22-cv-4661-DSF-MRWx<br><br>Order to Show Cause re Standing |

　　　Defendants have filed a joint motion to reopen discovery based on several issues relating to the death of Edwin Vasquez and the substitution of E.V.T, a minor, as Vasquez's successor-in-interest.

　　　Rather than rule on the motion to reopen discovery at this time, the Court finds that it would be more expeditious to have E.V.T.'s guardian ad litem first provide a clear, direct statement of why E.V.T. succeeded to Vasquez's claims under California law.[1]  Vasquez appears to have died intestate and never to have married E.V.T.'s mother.  See Dkt. 214 at 3; Perez Decl. (Dkt. 214-2) ¶ 5.  In these circumstances, there are relatively few avenues to establish that Vasquez was E.V.T.'s "natural parent" for the purposes of intestate succession.

---

[1] Plaintiff repeatedly cites the Court's approval of the substitution of E.V.T. as successor-in-interest.  But at the time this substitution was granted, the Court had no reason to believe that there would be any potential dispute as to the parentage of E.V.T., and the Court made no factual determination as to whether E.V.T. has standing to continue to litigate Vasquez's claims.

> [W]here there is no unrebutted presumption of paternity and there is neither a court decree declaring paternity entered during [the decedent's] lifetime nor clear and convincing evidence that [the decedent] had openly and notoriously held out [the alleged heir] as his child, [California Probate Code §] 6408[2] does not contemplate any means of establishing paternity.

Estate of Sanders, 2 Cal. App. 4th 462, 471 (1992); see also Cal. Prob. Code § 6453; Cal. Fam. Code § 7611 (presumptions of parenthood largely based on marriage to natural mother or attempts to marry). While there is no evidence in the record regarding Vasquez's relationship with E.V.T. – this is largely the basis for the motion to reopen discovery – Vasquez did apparently deny that he had any children at his deposition in this case on May 31, 2023.[3]

Plaintiff E.V.T., through his guardian ad litem, is therefore ordered to show cause why he should be found to be a successor-in-interest with standing to pursue the claims in this case. The response is to be filed no later than October 7, 2024. The motion to reopen discovery is taken under submission and the hearing set for October 7, 2024 is removed from the Court's calendar.

IT IS SO ORDERED.

Date: September 26, 2024

_____
Dale S. Fischer
United States District Judge

---

[2] The relevant provision has since been renumbered as California Probate Code § 6453 with the words "and notoriously" omitted.

[3] E.V.T. was born on February 23, 2023.